UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

**  CAPITAL CASE  **

CIVIL ACTION NO. 06-CV-22-KKC

BRIAN KEITH MOORE                                                                                          PLAINTIFF

VS:                    **MEMORANDUM OPINION AND ORDER**

JOHN D. REES, ET AL.                                                                                     DEFENDANTS

***   ***   ***   ***   ***

Thomas Clyde Bowling, a Kentucky death row inmate, has filed a motion to intervene in this action pursuant to Federal Rule of Civil Procedure 24(b), and the matter has been fully briefed by the parties. [Dkt. 100, 105, 111, 113, 115, 118]

On September 25, 2007, the Court denied the motion of Ralph Baze to intervene in this action on the ground that the claims he sought to assert in this proceeding are barred by principles of claim preclusion. [Dkt. 188] Bowling's request to intervene must be denied for the same reasons set forth in that Memorandum Opinion and Order. Bowling was also a participant in the same action before the Kentucky state courts, *Ralph Baze and Thomas C. Bowling v. Jonathan D. Rees, et al*, Civil Action No. 04-CI-1094, Franklin Circuit Court, and therefore his claims are likewise barred by claim preclusion. 28 U.S.C. § 1738; *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 81-85 (1984). Those proceedings satisfied the minimum requirements of the Due Process Clause, *Rainey Bros. Constr. Co. v. Memphis and Shelby Co. Bd. of Adj.*, 1999 WL 220128, *3 (6th Cir. 1999) (unpublished disposition), thus affording Bowling a full and fair opportunity to litigate

his claims. The decision of the Kentucky Supreme Court is therefore entitled to full faith and credit. *Abbott v. Michigan*, 474 F.3d 324 (6th Cir. 2007). The Court finds this factor a compelling reason to deny Bowling's motion to intervene. *United States v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005).

Accordingly,

**IT IS ORDERED AS FOLLOWS**:

1. Bowling's "Motion for Leave to Supplement Thomas Clyde Bowling's Reply to Response in Opposition to Emergency Motion to Intervene as Plaintiff-Intervenor" [Dkt. 115] is **GRANTED**.

2. Bowling's "Emergency Motion to Intervene as Plaintiff-Intervenor" [Dkt. 100] is **DENIED**.

3. This is a final and appealable order and there is no just cause for delay.

Dated this 26th day of September, 2007.

Signed By:
*Karen K. Caldwell* KKC
**United States District Judge**